**FffffffffffffffffIN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

**COM-PAC INTERNATIONAL, INC.,**

**Plaintiff,**

**v.**

**THE PACKMATE COMPANY, ESSERE
CORPORATION and DAVID GRAHAM,**

**Defendants.**                                                              **No. 06-CV-467-DRH**

## ORDER

**HERNDON, District Judge:**

### I. Introduction

Now before the Court is Defendant's Motion to Dismiss "The PackMate Company." (Doc. 22.)  Defendant asserts that The PackMate Company ("PackMate") is a trade name, not a legal entity, and therefore it may not be sued pursuant to **FEDERAL RULE OF CIVIL PROCEDURE 17(b)**.  Plaintiff responds in opposition.

### II. Motion to Dismiss Standard

When ruling on a motion to dismiss for failure to state a claim under **FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)**, the Court must look to the complaint to determine whether it satisfies the threshold pleading requirements under **FEDERAL RULE OF CIVIL PROCEDURE 8**.  **Rule 8** states that a complaint need only contain a "short and plain statement of the claim showing that the pleader is entitled to relief." **FED. R. CIV. P. 8(a)(2)**.  In a recent opinion issued on May 21, 2007, the Supreme

Court held that **Rule 8** requires that a complaint allege "enough facts to state a claim to relief that is plausible on its face" to survive a **Rule 12(b)(6)** motion. ***Bell Atlantic Corp. v. Twombly*, \_\_\_ U.S. \_\_\_, 127 S. Ct. 1955, 1974 (2007).** In other words, the Supreme Court explained it was "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief'" by providing "more than labels and conclusions," because "a formulaic recitation of the elements of a cause of action will not do . . . ." ***Id.* at 1964-65 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986))**. The Seventh Circuit has read the ***Bell Atlantic*** decision to impose "two easy-to-clear hurdles":

> First, the complaint must describe the claim in sufficient detail to give the defendant 'fair notice of what the . . . claim is and the grounds upon which it rests.' Second, its allegations must plausibly suggest that the plaintiff has a right to relief, raising that possibility above a 'speculative level'; if they do not, the plaintiff pleads itself out of court.

***E.E.O.C. v. Concentra Health Services, Inc.*, 2007 WL 2215764, 2 (7th Cir. 2007) (citations omitted).**

### III. <u>Analysis</u>

Following the ***Bell Atlantic*** standard, the Court must determine whether Plaintiff is entitled to relief on the claims contained in its Second Amended Complaint (Doc. 8) against Packmate. Plaintiff alleges in its Second Amended Complaint that Packmate is "a corporation organized and existing under the laws of a state other than Illinois with its principal office located in Fairfield, CA. Upon information and belief, PackMate is not a legal business entity under the laws of

California, as the secretary of the state has no record of PackMate." (*Id*,, ¶ 4.) The Second Amended Complaint also states that Packmate and the other two Defendants, Essere and Graham, are "essentially the same business entity." (*Id*., ¶ 8.) In Defendants' motion to dismiss (Doc. 22), Defendant argue that PackMate is "a trade name and not a legal entity." (*Id*. ¶ 1.) Defendants further contend that because PackMate is nothing more than a trade name that it cannot be sued pursuant to **FEDERAL RULE OF CIVIL PROCEDURE 17(b)**. Instead, Defendants maintain that only Essere, the corporation that owns the trade name, may be sued.

**FEDERAL RULE OF CIVIL PROCEDURE 17(b)** governs who may sue or be sued. It provides:

> The capacity of a corporation to sue or be sued shall be determined by the law under which it was organized. In all other cases capacity to sue or be sued shall be determined by the law of the state in which the district court is held, except (1) that a partnership or other unincorporated association, which has no such capacity by the law of such state, may sure or be sued in its common name for the purpose of enforcing for or against it a substantive right existing under the Constitution or laws of the United States. . . .

**FED. R. CIV. P. 17(b)**. Although Plaintiff's Second Amended Complaint alleges that PackMate is a corporation, it does not state which state it believes that PackMate is organized under. Instead, Plaintiff only provides that PackMate is not organized under the laws of Illinois or California. Without such information, the Court must look to the law of the state in which the district court is held, in this case Illinois, to determine who may sue and be sued. **FED. R. CIV. P. 17(b)**.

While Plaintiff refuses to concede that PackMate is nothing more than a trade name, it has not proffered any facts to support a different finding. As discussed above, mere labels or conclusions are not enough. Without more, the Court cannot assume that PackMate is, in fact, a corporation. There is a dearth of cases in Illinois and the Seventh Circuit that address the specific issue of whether a trade name may be sued. The most recent and relevant case that the Court could locate is an unpublished decision from the Seventh Circuit, ***Steel v. Hahn*, 19 F.3d 22 (7th Cir. 1994)**. In that case, the Seventh Circuit held that "you can't sue a trade name. (Well, you can, but you will lose. **See *Schiavone v. Fortune*, 477 U.S. 21 (1986)**.)" *Id.* In light of this, the Court believes it would be imprudent to keep PackMate in the case at this point.

### IV. Conclusion

For the foregoing reasons, the Court **GRANTS** Defendant's Motion to Dismiss The Packmate Company. (Doc. 22.) The Packmate Company is **DISMISSED without prejudice**. If, however, through discovery Plaintiff determines that Packmate has an independent existence from Essere, Plaintiff may seek leave of the Court to join Packmate pursuant to **FEDERAL RULE OF CIVIL PROCEDURE 19(a)**.

**IT IS SO ORDERED.**

Signed this 24th day of August, 2007.

/s/     DavidRHerndon
**United States District Judge**